# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR472 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RODNEY DELABOIN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 19, 2014, the Court sentenced defendant Rodney Delaboin ("Delaboin") to a term of imprisonment of 113 months, following his guilty plea to Count One of the indictment (being a felon in possession of a firearm and ammunition). (Doc. No. 35 (Judgment).) Delaboin now moves for the appointment of counsel to assist him with filing a motion for a reduction of sentence under § 404 of the First Step Act of 2018. (Doc. No. 56.) The United States of America (the "government") has filed a response. (Doc. No. 57.) Because Delaboin is ineligible for a sentence reduction under the First Step Act, the Court DENIES his motion for counsel.

A federal court's authority to modify a defendant's prison sentence is expressly limited by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). According to 18 U.S.C. § 3582(c), a court may only modify the terms of an imposed sentence: (1) upon motion of the Director of the Bureau of Prisons (the "BOP"); (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the defendant's term of imprisonment is based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

Delaboin seeks the appointment of counsel for the purpose of preparing a motion for a sentence

reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, signed into law on December 21, 2018. Section 404 of the Act retroactively applies certain sentencing reforms provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack") offenses in the Fair Sentencing Act to "covered offenses" committed before August 3, 2010. The Court that imposed a sentence for a covered offense may impose a sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

Because Delaboin was sentenced almost four years after the enactment of the Fair Sentencing Act—and because his sentence did not involve cocaine base, but rather involved the unlawful possession of a firearm by a convicted felon—the Court would lack the jurisdiction to modify his sentence under the First Step Act. Given that there is no statutory authority by which the Court could modify Delaboin's sentence, his motion for the appointment of counsel is DENIED.[1]

**IT IS SO ORDERED**.

Dated: August 8, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] Citing *Hughes v. United States*, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018), Delaboin also sought the appointment of counsel, presumably for the purpose of filing a motion for a sentence reduction. (Doc. No. 55.) In *Hughes*, the Supreme Court considered whether a defendant may seek relief under 18 U.S.C. § 3582(c)(2), if he entered into a plea agreement specifying a particular sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C) (commonly referred to as a Type-C agreement). *Hughes*, 138 S. Ct. at 1773. The decision in *Hughes* is inapplicable because Debaloin was not sentenced pursuant to a Type-C plea agreement. Instead his plea agreement was pursuant to Rule 11(c)(1)(A). (Doc. No. 26 (Plea Agreement) at 122.) Unlike a Type-C agreement where the court is bound by the parties' agreement as to a sentence or range, Delaboin's agreement specifically provided that the "parties ha[d] no agreement about the sentencing range to be used or sentence to be imposed . . . [and that e]ach party [was] free to recommend" to the Court an appropriate sentence. (Doc. No. 26 at 125.) Because *Hughes* is inapplicable to Delaboin's sentence and does not provide a legal basis for a sentence reduction, his motion for the appointment of counsel for the purpose of pursuing a sentence reduction under this Supreme Court decision is DENIED.