# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR472 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RODNEY DELABOIN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On August 8, 2019, the Court entered an order denying the motion of defendant Rodney Delaboin ("Delaboin") for the appointment of counsel for the purpose of preparing a motion for a sentence reduction under § 404 of the First Step Act of 2018, finding that Delaboin was not eligible for relief under § 404. (Doc. No. 58 at 430.) In that same order, the Court denied Delaboin's request for appointed counsel to assist in the filing of a motion for a sentence reduction premised on the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). (*Id*. at 430, n.1.) In ruling on this alternative request for counsel, the Court found:

> The decision in *Hughes* is inapplicable because Debaloin was not sentenced pursuant to a Type-C plea agreement. Instead his plea agreement was pursuant to Rule 11(c)(1)(A). (Doc. No. 26 (Plea Agreement) at 122.) Unlike a Type-C agreement where the court is bound by the parties' agreement as to a sentence or range, Delaboin's agreement specifically provided that the "parties ha[d] no agreement about the sentencing range to be used or sentence to be imposed . . . [and that e]ach party [was] free to recommend" to the Court an appropriate sentence. (Doc. No. 26 at 125.)

(*Id*.)

Delaboin now seeks reconsideration of the portion of the Court's order denying him relief under *Hughes*. (Doc. No. 60 ["Mot."].) The Federal Rules of Civil Procedure do not expressly provide for

reconsideration of a court's decisions and orders; however, a motion to reconsider may be treated as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617–18 (6th Cir. 2002). A Rule 59(e) motion is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). It is not a vehicle to reargue the case, or present arguments that could have and should have been raised in connection with an earlier motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). That is, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 746 F. Supp. 482, 488–89 (N.D. Ohio 1991).

Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)). Accordingly, a Rule 59(e) motion to alter or amend may only be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015); *see, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The proponent of the Rule 59(e) motion bears the burden of proof, and the decision to grant relief under the rule is within the sound discretion of the court. *See Engler*, 146 F.3d at 374 (citing *Keweenaw Bay Indian Cmty. v. United States*, 136 F.3d 469, 474 (6th Cir. 1998)).

Presumably proceeding under the third reason—to correct a clear error of law or to prevent manifest injustice—Delaboin argues that the Court erred in finding that that he was not sentenced under a Type-C plea agreement. (Mot. at 433.) Citing paragraphs 13 and 15 of the plea agreement, Delaboin insists that he was sentenced to a "binding plea." (*Id.*, citing Doc. No. 26 (Plea Agreement).) But

2

paragraph 13 specifically provides that "[t]he parties have no agreement about the sentencing range to be used or sentence to be imposed . . . ." (*Id*. at 125.) Paragraph 15, in turn, merely provides the parties' stipulated guideline computation and notes that there was no agreement as to whether the enhancement under U.S.S.G. § 2k2.1(b)(6)(B) applied. The plea agreement further states that there was no agreement as to Delaboin's criminal history category (*see id*. ¶ 17) and makes clear that the Court ultimately retained discretion to fashion an appropriate sentence. (*Id*. ¶ 11.) From these cited provisions, it is evident that Delaboin was not sentenced under a Type-C binding plea agreement. Accordingly, and for all the reasons set forth above and in its order entered August 8, 2019, the Court DENIES Delaboin's motion for reconsideration.

**IT IS SO ORDERED**.

Dated: March 31, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**