# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13-cr-472 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| RODNEY DELABOIN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 19, 2014, the Court sentenced defendant Rodney Delaboin ("Delaboin") to 113 months imprisonment, following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 35 (Judgment).) He is serving his sentence at Thompson USP and has a projected release date of September 20, 2023. (https://www.bop.gov/inmateloc/, last visited July 7, 2021.) The Court's judgment was affirmed on appeal, and the Sixth Circuit issued its mandate on October 21, 2015. (Doc. No. 44 (Mandate).)

On May 12, 2020, Delaboin filed a *pro se* motion to reduce sentence pursuant to the First Step Act of 2018. (Doc. No. 62 (*Pro Se* Motion).) On May 15, 2020, the Court appointed the Federal Public Defender's Office to represent Delaboin with respect to his motion to reduce sentence, and Attorney Timothy Ivey entered an appearance on Delaboin's behalf. (Non-Document Order, dated May 15, 2020; Doc. No. 64 (Notice of Appearance).) After defense

counsel was afforded several extensions of time, counsel submitted a supplement to Delaboin's motion. (Doc. No. 71 (Supplemental Sealed Motion to Reduce Sentence).) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 74 (Sealed Response in Opposition).)

As supplemented, Delaboin sought a reduced sentence on the basis of his claim that he suffers from asthma that puts him at a higher risk of developing serious complications should he contract COVID-19. (Doc. No. 71 at 4[1].) In support of his claim, he appended to his briefing a BOP health services clinical encounter sheet that notes in the "subjective" part of the form that Delaboin had "asthma since childhood. On Mometasone and Albuteral. Not using control inhaler as prescribed . . . ." (Doc. No. 71-2 (BOP Clinical Encounter) at 1.) Delaboin stated that, if released, he planned to reside with family who could provide him housing and financial support. (Doc. No. 71 at 7.)

On October 16, 2020, the Court denied Delaboin's motion, as supplemented, with the following non-document order:

> Defendant's motion and supplemental motion for compassionate release (Doc. Nos. 62, 71) are DENIED for reasons set forth in Plaintiff's response brief (Doc. No. 74), as well as the reasons highlighted herein. Even if the Court assumes the existence of extraordinary and compelling reasons (and the Court notes that the record does not demonstrate that defendant's asthma is of the severity that puts him at risk of serious complications should he contract COVID-19), the motions are denied because defendant has not demonstrated that he is not a danger to other persons or the community. See 18 U.S.C. § 3582(c)(1)(A)(ii). In fact, the record establishes the opposite. The facts surrounding the present felon in possession conviction involved the defendant, who was prohibited from possessing firearms, discharging a weapon multiple times in the direction of individuals in a store parking lot before fleeing and discarding the weapon in a residence within reach

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the court's electronic filing system.

of minor children. Defendant also has a lengthy adult criminal history that includes multiple weapons and drug trafficking and possession convictions, further underscoring the danger he would pose to the community if released early.

(Non-doc. Order, dated Oct. 16, 2020.)

Delaboin, through counsel, sought reconsideration of the Court's October 16, 2020 ruling. (Doc. No. 75 (Motion for Reconsideration).) On reconsideration, Delaboin argued that the Court did not previously have before it information regarding the programming he had completed during his incarceration. (Doc. No. 75 at 2.) He appended to his motion a list of classes he completed in prison. (*See* Doc. No. 75-1 (Inmate Education Data Transcript).) According to Delaboin, when this programming is considered, it becomes clear that he is no longer a danger to the community because he has endeavored to better himself. (Doc. No. 75 at 2.) Once again, the government opposed Delaboin's request for early release. (Doc. No. 76 (Response to Motion for Reconsideration).)

On January 7, 2021, the Court denied Delaboin's motion for reconsideration with the following non-document order:

> Defendant's motion for reconsideration (Doc. No. 75) of his motion for compassionate release is DENIED for the reasons set forth in Plaintiff's response brief (Doc. No. 76), as well as the reasons highlighted herein and in the ruling denying defendant's motion for compassionate release. (See Non-document Order, Oct. 16, 2020.) While the Court commends defendant for the programming he has completed in prison, his educational efforts do not change the outcome of the Court's analysis or otherwise demonstrate that he is no longer a danger to other persons or the community. That defendant has thrived in an environment where he is deprived access to weapons and the opportunity to commit violent crimes does not change the fact that his behavior outside of prison has been marked by violence. Accordingly, the Court reaffirms its determination that compassionate release is not appropriate.

(Non-doc. Order, dated Jan. 7, 2021.)

Delaboin appealed the Court's denial of his request for reconsideration. On April 23, 2021, the Sixth Circuit vacated the Court's order on reconsideration and remanded the matter to this Court for further proceedings. (Doc. No. 78 (Order of Remand).) With respect to the Court's determination that Delaboin remained a danger to the community and to others, the Sixth Circuit observed that 18 U.S.C. § 3582(c)(1)(A)(ii) was inapplicable "where the defendant seeks relief based on extraordinary and compelling reasons rather than on subsection (ii)'s age and time served requirements." (*Id*. at 2.) Further, the Sixth Circuit found that the Court "failed to identify which specific aspect of the government's response brief it relied on," noting that it was unclear whether the Court "relied on the government's passing reference to § 3553(a) or instead impermissibly denied relief based on § 1B1.13(2)." (*Id*. at 2–3.) The Sixth Circuit's mandate issued on May 17, 2021. (Doc. No. 79 (Mandate).)

The Court now provides the following clarification. In denying Delaboin's motion for reconsideration, the Court does not rely on 18 U.S.C. § 3582(c)(1)(a)(ii) or the government's reference to or reliance on § 1B1.13(2). Instead, the Court relies on the inquiry set forth in 18 U.S.C. § 3582 and discussed in *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) and *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021). As previously observed, while Delaboin has failed to fully document and support his claim that he suffers from a medical condition that puts him at risk of serious complications should he contract COVID-19, the Court assumes for purposes of its analysis that Delaboin has established the existence of extraordinary and compelling reasons for release. Nevertheless, the Court finds that a reduction of the prison term would not be appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United*

*States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider all relevant statutory sentencing factors).

The Court reiterates that Delaboin was convicted for being a felon in possession of a weapon, and the facts surrounding the commission of this offense demonstrate that the crime was serious and especially dangerous. Specifically, Delaboin, an individual who was prohibited from possessing firearms, discharged a weapon multiple times in the direction of individuals in a store parking lot before fleeing and discarding the weapon in a residence within reach of minor children. (Doc. No. 30 (Presentence Investigation Report) ¶¶ 5–7.) Additionally, the Court notes that Delaboin has a lengthy adult criminal history that includes multiple weapons and drug trafficking and possession convictions. (*Id.* ¶¶ 31–65.) Prior sentences and sanctions have failed to discourage Delaboin from illegally possessing weapons or engaging in other dangerous behavior.

The Court has considered the programming Delaboin has completed while in prison, as well as his stated release plan. The Court has also considered Delaboin's extensive and troubling disciplinary history while in the custody of the Bureau of Prisons. (*See* Non-document Order, July 7, 2021 (attachment [Prison Disciplinary Records]).) Prison disciplinary records demonstrate that Delaboin has committed numerous rules infractions, including rules prohibiting fighting and other forms of violent or aggressive behavior. Indeed, in 2019 and 2020 alone, Delaboin was cited over forty times for rules infractions, including engaging in sexual acts, making sexual proposal/threat, interfering with staff, being insolent to staff member, disruptive conduct, indecent exposure, threatening bodily harm, assaulting, and fighting with another person. (*Id.*) Many of these violations involved aggressive or violent behavior directed at other

inmates or staff. (*Id.*) In 2021, his contumacious conduct continued, having been disciplined for "being insolent to staff member" (*Id.*)

Delaboin's repeated rules violations only serve to underscore his inability to conform his behavior and the danger he would pose to the public and others, and they heavily counsel against early release. Accordingly, after considering all of the § 3553(a) factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, protect the public, promote respect for the law and specific deterrence, and ensure just punishment. Based upon these same facts, the Court also finds that Delaboin poses a danger to the community and to other persons. Further, to the extent that Delaboin requests to be released and to serve a period of supervised release on home confinement, for the reasons already stated, Delaboin is not an appropriate candidate for release under § 3582, even with conditions.

For all of the foregoing reasons, Delaboin's motion for reconsideration (Doc. No. 75) is DENIED.

**IT IS SO ORDERED**.


Dated: July 7, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**